Daniel B. MAGRAW, John O. Erickson, Ruth H. O'Dell, Arthur R. Swan, Plaintiffs,

v.

Joseph L. DONOVAN, Secretary of State of the State of Minnesota; Walter H. Borgen, Auditor of St. Louis County, Minnesota; Robert F. Fitzsimmons, Auditor of Hennepin County, Minnesota; Eugene A. Monick, Auditor of Ramsey County, Minnesota; Frances L. Underleak, Auditor of Olmstead County, Minnesota, individually as auditors of their respective counties and representatives of all County Auditors of the State of Minnesota, Defendants,

and

County of Houston, County of Grant, County of Otter Tail; and Dolores Hauge, Auditor of County of Houston, G. J. Lynne, Auditor of County of Grant, and S. B. Johnson, Auditor of County of Otter Tail, Intervening Defendants.

Civ. No. 2981.

United States District Court
D. Minnesota,
Third Division.

March 21, 1958.

Frank S. Farrell, William C. Meier, Jr., St. Paul, Minn., for plaintiffs. Reginald Ames, William A. Bierman, O. H. Godfrey, Jr., William B. Randall, Joseph A. Rheinberger, John G. Robertson, St. Paul, Minn., of counsel.

Miles Lord, Atty. Gen., Harold J. Soderberg, Jr., Asst. Atty. Gen., for Joseph L. Donovan, Secretary of State.

Thomas J. Naylor, County Atty., Ralph J. Olson, Asst. County Atty., Duluth, Minn., for Walter H. Borgen, Auditor, St. Louis County.

George M. Scott, County Atty., Minneapolis, Minn., for Robert F. Fitzsimmons, Auditor, Hennepin County.

James F. Lynch, County Atty., Robert G. Flynn, Asst. County Atty., St. Paul, Minn., for Eugene Monick, Auditor, Ramsey County.

Frances L. Underleak, Auditor, Olmstead County, pro se.

Stanley D. Kane, Minneapolis, Minn., for Minnesota League of Women Voters.

L. L. Roerkohl, County Atty., Caledonia, Minn., for Houston County and Auditor Dolores Hauge.

Owen V. Thompson, County Atty., Fergus Falls, Minn., for Otter Tail County and S. B. Johnson, Auditor.

I. L. Swanson, County Atty., Elbow Lake, Minn., for Grant County and Auditor G. J. Lynne.

DEVITT, District Judge.

The plaintiffs, residents of several of the more densely populated areas of the state, principally in the urban sections, bring this action asking that the 1913 Minnesota Legislative Redistricting Act, M.S.A. § 2.02 et seq., be declared invalid and that the Secretary of State and County Auditors be enjoined from operating the election machinery at future elections under that law.

Plaintiffs contend that by virtue of a substantial increase in population and a major shift of it within the state, there is now gross inequality in the population of the legislative districts. It is stated that the Minnesota State Legislature refuses to reapportion the state as is required by the Minnesota Constitution, Article IV, Sections 2 and 23. Plaintiffs argue that this unequal representation deprives them of rights guaranteed by the Fourteenth Amendment and that the 1913 law is unconstitutional. This action is brought under the Civil Rights Act, 42 U.S.C.A. § 1983 et seq. The plaintiffs ask me to convene a three-judge court, as contemplated by 28 U.S.C.A. § 2281, to determine the question.

At the hearing the court made an order permitting intervention, as additional defendants, of Grant, Houston and Otter Tail Counties, and their respective County Auditors. These are less populous rural counties. It appears that the strength of their legislative representation has been enriched by recent population shifts to the urban areas of the state. These intervening defendants move to dismiss the action on the ground that the court has no jurisdiction.

The immediate issue is whether to grant the motion to dismiss for lack of jurisdiction, or to cause a three-judge court to be convened to hear the issue.

■ Where diversity of citizenship is lacking, it is essential that a substantial federal question be presented in order to give jurisdiction. See New Jersey

Chiropractic Ass'n v. State Board of Medical Examiners, D.C., 79 F.Supp. 327. In the leading case of Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152, the United States Supreme Court said there is no substantial federal question when the contention made is clearly settled by previous decisions of the court, or is "obviously without merit."

The intervening defendants contend that the cases of Colegrove v. Green, 328 U.S. 549, 66 S.Ct. 1198, 90 L.Ed. 1432, and South v. Peters, 339 U.S. 276, 70 S. Ct. 641, 94 L.Ed. 834, clearly decide the issues here raised, and thus foreclose the existence of a substantial federal question. Both Colegrove v. Green and South v. Peters dealt with alleged unequal elective representation and both denied judicial relief. But there are some distinctive features to each case which require the conclusion that the issue be determined by a three-judge court and not be summarily dismissed by a single judge.

The Colegrove case dealt with the question of congressional district reapportionment in Illinois. The court said that the problem was one for the Congress. The federal law did not require compactness, contiguity and population equality in the districts. It was decided by a divided court. Three judges filed a strong dissent.

South v. Peters considered the validity of a Georgia statute which established a county-unit system for computing votes in primary elections. The Supreme Court upheld the district court in denying relief. It is urged that several features distinguish the South case from this controversy, including the fact that that decision dealt only with primary elections. Although the Supreme Court used some strong language in that case in support of this motion to dismiss[1] it cannot be said to be on all fours with the factual situation presented here.

---

1. "Federal courts consistently refuse to exercise their equity powers in cases posing political issues arising from a state's geographical distribution of electoral strength among its political subdivisions." [339 U.S. 276, 70 S.Ct. 642.]

Notwithstanding the apparent authority of the Colegrove and South decisions, it is urged by the plaintiffs that more recent decisions of the Supreme Court, especially in the school segregation cases,[2] indicate an increasing judicial consciousness of the propriety of acting in cases where any kind of discrimination, including legislative apportionment, is alleged. In a recent decision in Hawaii, Dyer v. Kazuhisa Abe, D.C., 138 F.Supp. 220, 236, the three-judge court said that:

"The time has come, and the Supreme Court has marked the way, when serious consideration should be given to a reversal of the traditional reluctance of judicial intervention in legislative reapportionment. The whole thrust of today's legal climate is to end unconstitutional discrimination. It is ludicrous to preclude judicial relief when a mainspring of representative government is impaired."

In some cases which the court has examined,[3] it was clear that the legal questions raised in the complaint were well settled by previous decision and presented no question for controversy, and this justified a single judge in dismissing for want of jurisdiction. Such is not the case here. The status of the law is such as to require a full examination and appraisal of it by a three-judge court.

A second ground for dismissal under the doctrine of Ex parte Poresky, supra, is present if the contentions of the plaintiffs are "obviously without merit." This is certainly not true here. The plaintiffs are apparently public-spirited and sincere citizens whose complaints of unequal legislative representation echo a feeling of some general currency in the State of Minnesota today. The contentions are seriously made and supported by plausible arguments. The facts in support of the alleged unequal representation are unquestioned. The basic issue is whether there should be judicial action on the part of the federal courts to remedy the evils complained about or whether the remedy lies elsewhere, through appeals to the Minnesota courts or to the electorate. This is a question which should be decided by the statutorily authorized three-judge court.

The motions to dismiss are denied.

The court has advised the Chief Judge of the Appellate Court of the Eighth Circuit of the pendency of this action, and of the court's denial of the motions to dismiss, to the end that a three-judge court may be created to hear and decide the issue.

---

2. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

3. Patterson v. Hardin, D.C.S.D.Ind., 145 F.Supp. 299; Robinette v. Chicago Land Clearance Commission, D.C.N.D.Ill., 115 F.Supp. 669.