Daniel B. MAGRAW, John O. Erickson, Ruth H. O'Dell, Arthur R. Swan, Plaintiffs,

v.

Joseph L. DONOVAN, Secretary of State of the State of Minnesota, Walter H. Borgen, Auditor of St. Louis County, Minnesota, Robert F. Fitzsimmons, Auditor of Hennepin County, Minnesota, Eugene A. Monick, Auditor of Ramsey County, Minnesota, Frances L. Underleak, Auditor of Olmstead County, Minnesota, individually as Auditors of their respective counties and representatives of all County Auditors of the State of Minnesota, Defendants,

and

County of Houston, County of Grant, County of Otter Tail, and Dolores Hauge, Auditor of County of Houston, G. J. Lynne, Auditor of County of Grant, and S. B. Johnson, Auditor of County of Otter Tail, Intervening Defendants.

Civ. No. 2981.

United States District Court
D. Minnesota,
Third Division.
Oct. 26, 1959.

**804**

Reginald Ames, Frank S. Farrell and William C. Meier, St. Paul, Minn., for plaintiffs.

Miles Lord, Atty. Gen. of Minnesota, and Harold J. Soderberg, Jr., Asst. Atty. Gen. of Minnesota, for the State of Minnesota.

L. L. Roerkohl, County Atty., Houston County, Caledonia, Minn., for intervenors.

BELL, District Judge.

This matter is before the Court on the motion of plaintiffs, pursuant to Rule 41 (a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order permitting plaintiffs to dismiss the action without prejudice to any of the parties.

Plaintiffs, who are residents of the more populous areas of the state of Minnesota, in this action seek a determination that their representation, and the representation of other residents similarly situated, in the Minnesota Legislature under the 1913 Minnesota Legislative Redistricting Act, is so inadequate and unequal as to deprive them of their rights under the United States Consti-

tution, particularly under the equal protection clause of the Fourteenth Amendment, and plaintiffs have asked for a determination that the 1913 Redistrict-ing Act is unconstitutional. Plaintiffs have also asked that the defendants be enjoined from carrying out the election laws of the State under the 1913 Act.

At a hearing before this Court on January 27, 1958, the Counties of Grant, Houston and Otter Tail and their County Auditors were permitted to intervene as additional defendants. The defendants at that time moved for an order dismissing the action for lack of jurisdiction. Plaintiffs opposed the motion to dismiss, and requested a three-judge court to determine the issues on the merits. In a memorandum and order dated March 21, 1958, the defendants' motion to dismiss was denied. Magraw v. Donovan, D.C., 159 F.Supp. 901.

Thereafter, a three-judge court was convened under the authority of 28 U.S. C.A. § 2281. The three-judge court took evidence, received and considered the briefs submitted; and on July 10, 1958, rendered its opinion captioned "Order Deferring Final Decision", the last three paragraphs of which are as follows:

"Here it is the unmistakable duty of the State Legislature to reapportion itself periodically in accordance with recent population changes. Minnesota Constitution, Article 4, Sections 2 and 23; Smith v. Holm, supra, at page 490 of 220 Minn., 19 N.W.2d 914; State ex rel. Meighen v. Weatherill, supra, page 341 of 125 Minn., 147 N.W. 105. Early in January 1959 the 61st Session of the Minnesota Legislature will convene, all of the members of which will be newly elected on November 4th of this year. The facts which have been presented to us will be available to them. It is not to be presumed that the Legislature will refuse to take such action as is necessary to comply with its duty under the State Constitution. We defer decision on all issues presented (including that of the power of this Court to grant

relief), in order to afford the Legislature full opportunity to 'heed the constitutional mandate to redistrict.' Smith v. Holm, supra, at page 490 of 220 Minn., at page 916 of 19 N.W. 2d.

"It seems to us that if there is to be a judicial disruption of the present legislative apportionment or of the method or machinery for electing members of the State Legislature, it should not take place unless and until it can be shown that the Legislature meeting in January 1959 has advisedly and deliberately failed and refused to perform its constitutional duty to redistrict the State.

"The Court retains jurisdiction of this case. Following adjournment of the 61st Session of the Minnesota Legislature, the parties may, within 60 days thereafter, petition the Court for such action as they, or any of them, may deem appropriate." Magraw v. Donovan, D.C., 163 F. Supp. 184, 187.

On April 24, 1959, an extra session of the 61st Session of the Minnesota Legislature convened at St. Paul, Minnesota. During said extra session, in response to the mandate of the Minnesota Constitution, the Legislature duly enacted Laws 1959, Extra Session, c. 45, which repealed the 1913 Minnesota Legislative Redistricting Act, c. 91, Minn.Laws 1913; Minn.Stats.1953, § 2.02 et seq., M.S.A. § 2.02 et seq., and provided for a reapportionment of the legislative districts in the state, said act to be effective on January 1, 1962, and to apply to all members of the Legislature elected for any regular session thereof occurring thereafter. The said act was approved on June 15, 1959. On July 1, 1959, said extra session adjourned.

Plaintiffs, in their motion for an order permitting them to dismiss, state that because of the passage of Laws 1959, Extra Session, c. 45, the purposes of plaintiffs herein have been achieved, and that plaintiffs no longer desire to maintain or prosecute this suit. In their memorandum in support of their motion,

plaintiffs also urge that because of the 1959 legislation, a decision by this Court would now have no practical effect.

Rule 41(a) (1) gives the plaintiff in any action an absolute right to dismiss without prejudice at any time before defendant has filed an answer or a motion for summary judgment. Rule 41(a) (2) reads as follows:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The question of the right of the plaintiff to dismiss after answer has been filed is discussed in 2 Barron & Holtzoff, Federal Practice & Procedure, § 912, and there is an annotation on the subject following the report of Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379, 21 A.L.R.2d 623, the annotation beginning at 21 A.L.R.2d 627. The rule followed in most circuits is that "the matter is then within the sound discretion of the court, whose order is reviewable only for abuse of discretion." 2 Barron & Holtzoff, supra, p. 619. The annotation in 21 A.L.R.2d states, at page 631, that:

"Most of the lower federal courts take the view that the unqualified right to dismiss without prejudice does not exist after the filing of an answer, but that an application to dismiss without prejudice after an answer has been filed is addressed to the sound discretion of the court. * * *"

In New York C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769, at page 770, the Court stated the rule as follows:

"The basic principal [sic] of law involved here is stated in Federal Rules of Civil Procedure, Rule 41(a) (2), 28 U.S.C.A., that an action shall not be dismissed by the plaintiff save upon order of the court and 'upon such terms and conditions as the court deems proper.' The judicial discretion thus authorized has been construed to allow dismissal, upon payment of costs, "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second law suit.' Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317. * * * *"

■ Here none of the defendants and interveners will suffer any "plain legal prejudice." Because of the substantial change in circumstances brought about by the 1959 Redistricting Act, defendants and interveners do not even face the "prospect of a second law suit." It therefore seems quite clear that this Court, in the exercise of sound discretion, should permit plaintiffs to dismiss this action without prejudice.

There is a grave question whether, because of the change in circumstances, this case has not become moot, in which event it would be the duty of the Court to dismiss this action of its own motion. In Myers v. Polk Miller Products Corp., 1953, 40 CCPA 739, 201 F.2d 373, 376, the Court said:

"In the cases where issues have become moot as a result of judicial decisions, or otherwise, the courts unquestionably have the authority, and it often becomes their duty, to dismiss cases *sua sponte* and without any motion to dismiss being made."

■ Here it seems that the issues presented by the pleadings and the evidence have been rendered moot by the 1959 Redistricting Act and that the Court therefore should not undertake to

decide the serious and difficult questions presented herein. See 1 Am.Jur., pp. 416–417 (Actions, § 19); 14 Am.Jur., pp. 277–278 and 372–373 (Courts, §§ 49 and 173). In 14 Am.Jur., p. 372, it is stated:

"Another firmly-established principle of jurisdiction is that the courts will not undertake to decide questions which are unrelated to an actual controversy or which by a change in the condition of affairs during the pendency of the action, have become purely abstract."

For the reasons hereinabove given, plaintiff's motion to dismiss is granted without the imposition of terms or conditions.