**Paul ROSSO, Appellant,**

v.

**Daniel B. MAGRAW et al., Appellees.**

**No. 16633.**

United States Court of Appeals Eighth Circuit.

April 13, 1961.

Rehearing Denied April 29, 1961.

Paul Rosso, Minneapolis, Minn., pro se.

William B. Randall, City Atty., St. Paul, Minn., for appellees (Walter F. Mondale, St. Paul, Minn., for appellee, Joseph L. Donovan, Secretary of State of Minn., Douglas K. Amdahl, Minneapolis, Minn., for appellee, Robert F. Fitzsimmons, Auditor of Hennepin County, Minn., Frank S. Farrell, St. Paul, Minn., for appellees-plaintiffs, Owen V. Thompson, Fergus Falls, Minn., for appellee S. B. Johnson, Auditor of Ottertail County, Minn., on the brief).

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court entered September 29, 1960, denying the appellant leave to intervene as a plaintiff in an action brought in 1957 by certain residents and citizens of densely populated areas of Minnesota against the Secretary of State of Minnesota and various County Auditors. The title of the action, as abbreviated, is Magraw v. Donovan. The plaintiffs in that action asked that the 1913 Minnesota Legislative Redistricting Act (Chap. 91, Minn.Laws 1913; Minn.Stat.1957, § 2.02 et seq.) be declared invalid and that the Secretary of State and County Auditors be enjoined from conducting elections under that statute. Federal jurisdiction was based on the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act, 42 U.S.C.A. § 1983 et seq. Motions of three intervening defendants to dismiss

for lack of jurisdiction was denied on March 21, 1958. 159 F.Supp. 901. A statutory three-judge court was convened, which heard the case on the merits but, by opinion of July 10, 1958, deferred final decision in order to afford the Minnesota Legislature, at its 1959 Session, an opportunity to deal with the problem of reapportionment of legislative districts. 163 F.Supp. 184.

On August 18, 1959, the plaintiffs moved the District Court for leave to dismiss the action, without prejudice, on the ground that, because of provisions made by the Legislature, at its 1959 Session (see Minn.Laws 1959, Extra Session, c. 45; * * * M.S.A. § 2.02 et seq.), for a reapportionment of legislative districts, the purpose of the plaintiffs in bringing their action had been achieved and they no longer wished to maintain or prosecute it further. The plaintiffs' motion to dismiss was granted on October 26, 1959. Magraw v. Donovan, 177 F. Supp. 803.

The appellant, Rosso, applied for leave to intervene as a plaintiff September 1, 1960, apparently for the purpose of reviving or resurrecting Magraw v. Donovan and restoring to the three-judge court whatever jurisdiction it may originally have had to determine what kind of legislative reapportionment by the State Legislature would not offend the Fourteenth Amendment to the Federal Constitution or the Civil Rights Act.

We are convinced that the dismissal, without prejudice, of the action of Magraw v. Donovan finally terminated that litigation, and that the appellant had no standing to intervene or to question the validity or effectiveness of the dismissal, which is not violative of any of his constitutional or other rights. There is no way that the plaintiffs, or counsel who brought the action on their behalf, can now be compelled to prosecute it further. The appellant never at any time had more than a permissive right to apply for leave to intervene. See, Rule 24 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Ford Motor

Company v. Bisanz Bros., Inc., 8 Cir., 249 F.2d 22, 27. The appellant's motion to intervene after dismissal of the action was out of time and was properly denied.

The order appealed from is affirmed.