**Robert W. JOHNSTON, Appellant,**

v.

**H. G. CARTWRIGHT, Appellee.**

**No. 17898.**

United States Court of Appeals
Eighth Circuit.

April 29, 1965.

Burns H. Davison, II, Des Moines, Iowa, filed motion to dismiss for appellee.

Lex Hawkins, Des Moines, Iowa, filed resistance to motion to dismiss for appellant.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The motion of appellee to dismiss the appeal for want of "any order from which an appeal lies" [Rule 54(a), Rules of Civil Procedure, 28 U.S.C.A.] is denied.

The appeal was taken from an order of the District Court which dismissed an action for libel as to one of the three defendants against whom it had been jointly brought, on the ground of failure of the complaint to state a claim upon which relief could be granted as to such defendant (appellee here).

The order did not contain "an express determination that there is no just reason for delay and * * * an express direction for the entry of judgment", as required by Rule 54(b) to make such an order constitute a final judgment "when multiple parties are involved". Following, however, the court's dismissal as to the one defendant, appellant sought and was granted leave to dismiss the action as to the two other defendants without prejudice, and dismissal was so entered as to them. This terminated all pendency of the litigation as to them. Rosso v. Magraw, 288 F.2d 840, 841 (8 Cir. 1961). Their situation became legally "the same as if the suit had never been brought". Boner v. Ribicoff, 304 F.2d 427, 428 (6 Cir. 1962); Humphreys v. United States, 272 F.2d 411, 412 (9 Cir. 1959).

The matter was thereafter one in which multiple parties were no longer involved, and to which Rule 54(b) therefore was without further application. The dismissal order as to appellee was in its form such as would, except for the applicability of Rule 54(b) thereto, have been able to constitute and operate as a final judgment at the time it was made. When the situation was left without further application of Rule 54(b) thereto, from the dismissal without prejudice permitted as to the two other defendants, the order of dismissal as to appellee became entitled to the effect and operation of which its form was capable, and which it would previously have had except for the provisions of Rule 54(b).

We accordingly hold that appellant was entitled, after his dismissal without prejudice as to the two other defendants, to file the notice of appeal which he did to the court's order of dismissal as to appellee. We have little doubt that if appellant had failed to file a notice of appeal within the time provided for in the Rules of Civil Procedure, but had gone to the court after the expiration of such time with a request for entry of another order in relation to appellee's dismissal, and had then sought to take an appeal, appellee would be taking an exactly opposite position here and insisting that the order became operative as a final judgment when the action was dismissed against the two other defendants and Rule 54(b) thereupon ceased to have any further application.

We need not concern ourselves with what would be the situation if the dismissal order had not in its form been capable of having effect and operation of

a final judgment at the time, apart from the provisions of Rule 54(b). The answer to that would seem obvious. Nor is it necessary to discuss whether the District Court had jurisdiction, after the notice of appeal had been filed, to add a provision to its order of dismissal, as it did, which purported to make the order one that could have appealability under Rule 54(b). In the view taken above, this aspect would be without significance.

Motion to dismiss the appeal denied.