259 F.Supp.2d 906 (2003)
Daryl L. DAVIS, Plaintiff,
v.
Calzona HALL, et al., Defendants.
No. 4:01 CV 609 DDN.
United States District Court, E.D. Missouri, Eastern Division.
January 3, 2003.
*907 W. Bevis Schock, Clayton, MO, for plaintiff.
Robert E. Fox, Jr., St. Louis County Counselor's Office, Clayton, MO, Brent C. Cantor, Cantor and Burger, LLC, St. Louis, MO, for Calzona Hall, defendant, Robert Meechum, Jacqueline
Denise G. McElvein, Atty. Gen. of Missouri, Assist. Atty. Gen., St. Louis, MO, for Dora B. Schriro, Thomas Cullen, Albert Anderson, Biran Goeke, Larry Wilson, Rebecca Atterberry, Pat Roll, Barbara Knell, defendants.
Denise G. McElvein, Atty. Gen. of Missouri, Assist. Atty. Gen., Maureen C. Beekley, Atty. Gen. of Missouri, St. Louis, MO, for Susan Martin, Stacy Breedon, John Prier, Travis Clyburn, defendants.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court upon the motion of the plaintiff, filed on November 13, 2002, "For Entry of Final Judgment on Portions of Summary Judgment Order, and/or for Findings Under 28 U.S.C. § 1292(b) and for Stay" (Doc. 108). The parties consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).
By an Order and an accompanying Memorandum, filed October 17, 2002, the court granted in part and denied in part motions of defendants Stacey Breedon, John Prier, Susan Martin, Travis Clyburn, Pat Roll, Rebecca Atterberry, and Barbara Knell for summary judgment. The motions of defendants Larry Wilson, Brian Goeke, Dora Schriro, Calzona Hall, Robert Meechum, and Jacqueline Young for summary judgment were granted in their entirety. The motion of defendants Schriro, Goeke, Wilson, Martin, Breedon, Prier, Clyburn, Knell, Atterberry, and Roll for judgment on the pleadings was denied as moot. See Order and Memorandum (Doc. 100), filed October 17, 2002.[1]
*908 On November 6, 2002, defendants Breedon, Prier, Martin, Clyburn, Roll, Atterberry, and Knell appealed the denial of qualified immunity to them and these appeals are now pending. See Appeal Information Sheet, filed November 6, 2002, attached to Notice of Appeal (Doc. 102).
After defendants filed their notices of appeal plaintiff moved on November 13 for certain relief under Federal Rule of Civil Procedure 60(a). On December 6, 2002, the Court of Appeals granted the court leave to rule this motion, which the court does by a separate Order and Memorandum filed herewith.
In the instant motion plaintiff asks this court to enter final judgment so that he can appeal those portions of the October 17 rulings which granted dispositive relief to defendants. For this purpose, plaintiff invokes Federal Rule of Civil Procedure 54(b)[2] and 28 U.S.C. § 1292(b).[3] Plaintiff argues that granting this motion would place before the Court of Appeals not only the issues raised by the defendants regarding the denial of dispositive relief but also issues presented regarding the granting of such relief to defendants.
The authority of this court to consider this motion during the pendency of an appeal is limited. Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." See State ex tel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.1999) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), and Liddell v. Bd. of Educ., 73 F.3d 819, 822 (8th Cir.1996)). However, this rule is not absolute. State ex rel. Nixon, 164 F.3d at 1106. The district court retains jurisdiction to rule "collateral matters" raised during the pendency of an appeal. Id. at 1107 & n. 3. Another appellate court stated,
The district court only retains jurisdiction over tangential matters such as determining "the propriety and amount of attorney's fees,"... and performing "certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal."
Stewart v. Donges, 915 F.2d 572, 575 n. 3 (10th Cir.1990) (quoting Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Gressman, 16A Federal Practice and Procedure, § 3949 at 359 (1977)). The paramount principle that underlies the divesting of the district court of jurisdiction during an appeal is the prevention of district court rulings which would undermine or alter the issues presented to the court of appeals during an interlocutory appeal. Liddell, 73 F.3d at 822.
The gist of plaintiffs argument is that, while the defendants who were denied summary judgment are appealing, the granting of summary judgment to defendants ought also to be reviewed by the *909 Court of Appeals. If the Court of Appeals were to wait and rule these issues in plaintiffs favor on direct appeal from a judgment after trial, plaintiff argues, another trial would likely be required. However, if plaintiff were to prevail on appeal now, the parties' claims and defenses could be resolved with one trial.
Plaintiffs motion will be granted. Granting plaintiff an opportunity to appeal the adverse rulings will not undermine the Court of Appeals' review of the issues presented by defendants' appeals. Rather, a review of the court's rulings indicates that an appeal by plaintiff will present to the Court of Appeals identical issues on qualified immunity regarding other defendants and will allow the appellate court to review the summary judgment dismissal of claims for other reasons.
Because the case is already stayed in this court pending the current appeals, for the purposes of Rule 54(b) there is no just cause for delay of the entry of judgment that plaintiff seeks. As plaintiff argues, review by the Court of Appeals of not only the granting of qualified immunity to defendants Hall, Meechum, and Young, but also the other grounds for granting dispositive relief to defendants will avoid piecemeal appeals on a factual record that plaintiff asserts is largely undisputed.
For these reasons, the court finds and concludes, under Rule 54(b), that there is no just cause for delay of the entry of a final judgment to allow plaintiff to appeal the grant of dispositive relief to defendants.
Regarding plaintiffs invocation of § 1292(b), the court concludes that the rulings of October 17, 2002, involve controlling questions of law about which there is substantial ground for a difference of opinion and an immediate appeal will materially advance the ultimate termination of the litigation. As plaintiff argues, the factual record is largely undisputed. There are substantial grounds for differences of opinion over the application to those facts of the state and federal rules of law. This is especially true regarding (a) the legal significance of the language in the April 9, 1999, Missouri circuit court writ that directed that plaintiff be returned to the custody of the Missouri Department of Corrections following the April 22 proceedings; (b) whether certain defendants' conduct was sufficiently egregious to justify punitive damages; and (c) the application of the Missouri state official immunity doctrine.
For these reasons,
IT IS HEREBY ORDERED that the motion of the plaintiff for entry of final judgment on portions of summary judgment order and/or for findings under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b) and for a stay (Doc. 108) is sustained. A Final Judgment, consistent with this Order, is issued herewith.

ATTACHMENT

I
Summary of Claims in First Amended Complaint
Count I: Compensatory damages under § 1983 against defendants Meechum, Young,
 Martin, Prier, Breedon, Clyburn, Knell, and Atterberry;
Count II: Punitive damages under § 1983 against defendants Meechum, Young,
 Martin, Prier, Breedon, Clyburn, Knell, and Atterberry;
*910
Count III: Compensatory damages under § 1983 against defendants Hall, Schriro, Goeke,
 Wilson, and Roll;
Count IV: Punitive damages under § 1983 against defendants Hall, Schriro, Goeke,
 Wilson, and Roll;
Count V: Compensatory damages under state law for false imprisonment against
 defendants Meechum, Young, Martin, Prier, Breedon, Clyburn, Knell, and
 Atterberry;
Count VI: Punitive damages under state law for false imprisonment against
 defendants Meechum, Young, Martin, Prier, Breedon, Clyburn, Knell,
 and Atterberry;
Count VII: Compensatory damages under state law for false imprisonment against
 defendants Meechum, Young, Schriro, Goeke, and Wilson;
Count VIII: Punitive damages under state law for false imprisonment against defendants
 Meechum, Young, Schriro, Goeke, and Wilson;
Count IX: Compensatory damages under § 1983 against defendant Hall;
Count X: Punitive damages under § 1983 against defendant Hall in his official capacity;
Count XI: Compensatory damages under state law for false imprisonment against
 defendant Hall;
Count XII: Punitive damages under state law for false imprisonment against defendant
 Hall;
Count XIII: Compensatory damages under state law for failure to train and supervise
 against defendants Hall, Schriro, Goeke, and Wilson;
Count XIV: Punitive damages under state law for failure to train and supervise against
 defendants Hall, Schriro, Goeke, and Wilson;
Count XV: Compensatory damages under state law based on respondeat superior
 against defendant St. Louis County; and
Count XVI: Punitive damages under state law based on respondeat superior against St.
 Louis County.
 II
 Summary of rulings in favor of defendants
 This court granted summary judgment relief to defendants on the following claims for the
 stated reasons:
Count I: Meechum and Young on the basis of qualified immunity, see Memorandum
 Opinion filed October 17, 2002, at 14;
Count II: Meechum and Young on the basis of qualified immunity, see id.; and
 Meechum, Young, Martin, Prier, Breedon, Clyburn, Knell,
 and Atterberry on the merits, see id. at 18;
Count III: Hall on the basis of qualified immunity, see id. at 14; Schriro, Goeke, Wilson,
 and Roll on the merits, see id. at 17;
*911
Count IV: Hall on the basis of qualified immunity, see id. at 14; Schriro, Goeke,
 Wilson, and Roll on the merits, see id. at 17;
Count V: Meechum and Young, because the court declined to exercise supplemental
 jurisdiction, see id. at 19; Martin, Prier, Breedon, Clyburn, Knell, and
 Atterberry on the basis of official immunity under Missouri law, see id., at 21-22;
Count VI: Meechum and Young, because the court declined to exercise supplemental
 jurisdiction, see id. at 19; Martin, Prier, Breedon, Clyburn, Knell, and
 Atterberry on the merits, see id. at 23;
Count VII: Meechum and Young, because the court declined to exercise supplemental
 jurisdiction, see id. at 19; Schriro, Goeke, and Wilson, on the basis of official
 immunity under Missouri law, see id. at 22-23
Count VIII: Meechum and Young, because the court declined to exercise supplemental
 jurisdiction, see id. at 19; Schriro, Goeke, and Wilson, on the basis of
 official immunity under Missouri law, see id. at 23;
Count IX: Hall on the merits, see id. at 15-16;
Count X: Hall on the merits, see id.;
Count XI: Hall because the court declined to exercise supplemental jurisdiction, see
Count XII: Hall because the court declined to exercise supplemental jurisdiction, see id.;
Count XIII: Hall because the court declined to exercise supplemental jurisdiction, see id.;
 Schriro, Goeke, and Wilson on the merits, see id at 19-20;
Count XIV: Hall because the court declined to exercise supplemental jurisdiction, see id. at
 19; Schriro, Goeke, and Wilson on the merits, see id. at 19-20; and
Count XV: St. Louis County because the court declined to exercise supplemental
 jurisdiction, see id. at 19.
Count XVI: Plaintiff voluntarily dismissed this claim.
NOTES
[1] See the Attachment to this Memorandum and Order for a description of plaintiff's claims and the court's dispositive motion rulings in favor of defendants.
[2] Rule 54(b) provides in relevant part:

When more than one claim for relief is presented in an action, whether as a claim..., or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just cause for delay and upon an express direction for the entry of judgment.
See Fed.R.Civ.P. 54(a).
[3] Section 1292(b) provides that when a district court judge

in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
See 28 U.S.C. § 1292(b).